# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

KENNETH FRIEDMAN,

    Plaintiff,

v.

ELISSA LUZAICH et al.,

    Defendants.

Case No. 2:19-cv-00705-APG-BNW

**Order**

Presently before the Court is plaintiff Kenneth Friedman's civil rights complaint (ECF No. 1) and motion to extend the time for service (ECF No. 5). The Court has screened Friedman's complaint, pursuant to 28 U.S.C. § 1915A(a). Friedman alleges that defendants violated his rights under the United States Constitution and, by extension, 42 U.S.C. § 1983. Based on the Court's construction of Friedman's complaint, Friedman's allegations, if proven true, necessarily undermine the validity of his state court conviction. Therefore, the Court will order that Friedman's complaint be dismissed without prejudice, but with leave to amend by March 9, 2020.

**I.    Background.**

Friedman was convicted of state law crimes and he is currently an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No 1 at 4.) He alleges that defendants Elissa Luzaich, April Gagen, and Cassie Leffner violated his rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution. (ECF No. 1 at 4–8.) Consequently, he asserts three counts under 42 U.S.C. § 1983. (*Id.*)

In Count I, Friedman alleges that defendants interfered with his ability to establish facts that would have proved his "actual innocence." (*Id.* at 4.) Friedman claims that Gagen had initially agreed to cooperate and provide sworn statements favorable to Friedman's defense. (*Id.*) However, Leffner—a law enforcement officer—supposedly contacted Gagen and convinced her

to stop cooperating. (*Id.*) This, in turn, prevented Friedman from acquiring exculpatory information relevant to his defense. (*Id.* at 5.)

Friedman's allegations in Count II and III also relate to defendants' supposed acts of witness tampering. Friedman claims that for his defense, he intended to rely heavily upon the favorable testimony of two witnesses that he names "L" and "P." (*Id.* at 6.) Friedman alleges that Luzaich—a deputy district attorney—Leffner, and now Gagen contacted "L" and "P" and dissuaded them from providing testimony favorable to Friedman's defense. (*Id.*) According to Friedman, "L" and "P" suffered humiliation by the defendants for "being for Friedman." (*Id.* at 7.) Friedman claims that the jurors in the state criminal action have said that the testimony of "L" and "P" would have made them alter their verdicts in Friedman's case. (*Id.* at 4.) In addition to "L" and "P," Friedman alleges that several other defense witnesses "inexplicably" stopped responding to Friedman's defense efforts. (*Id.* at 7.)

In Count III, Friedman claims that defendants' actions flow from the customs, practices, and policies of Clark County. (*Id.* at 8.)

**II.    SCREENING**

Courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). In addition to the screening requirements under § 1915A, the Prison Litigation Reform Act requires a federal court to dismiss a prisoner's claim if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *accord* Fed. R. Civ. Proc. 12(b)(6).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and

may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Friedman seeks damages under 42 U.S.C. § 1983 for violation of his constitutional rights in the state court criminal proceedings. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying conviction or sentence has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). For example, the plaintiff in heck asserted claims of unlawful arrest, false imprisonment, and prosecutorial misconduct. *Id.* at 478–79. If the plaintiff cannot demonstrate that the underlying conviction or sentence has already been invalidated, then "the complaint must be dismissed." *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114).

The Court construes Friedman's complaint to directly attack the validity of his criminal conviction. In fact, he states very clearly that defendants' actions precluded him from establishing facts that would have proved his "actual innocence." (ECF No. 1 at 4.) Friedman does not allege that his conviction or sentence has been reversed or otherwise invalidated. Given

that Friedman's claims necessarily imply the invalidity of his conviction or sentence, the Court will order that Friedman's complaint be dismissed, but with leave to amend.[1]

If Friedman desires to file a new complaint, he must do so by March 9, 2020. Should Friedman choose to file an amended complaint, it would be helpful for the Court if he provided a timeline for the Court to follow. The timeline should include, if possible, the date of his conviction in state court and the date of any subsequent proceedings, including habeas.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Friedman's complaint be DISMISSED without prejudice, but with leave to amend. If Friedman desires to file an amended complaint, he must do so by March 9, 2020.

IT IS FURTHER ORDERED that Friedman's motion to extend the time for service (ECF No. 5) is DENIED without prejudice. Friedman is instructed to file a new motion once the Court has reviewed his forthcoming amended complaint.

DATED: February 19, 2020.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　BRENDA WEKSLER
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] Given the Court's order that Friedman's complaint be dismissed without prejudice, the Court will deny, without prejudice, Friedman's motion to extend the time for service. Friedman is instructed to file a new motion once the Court screens his amended complaint.

4